IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Daniel A. Ward,** | Case No. 1:20 cv 1307 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **State of Ohio,** *et al.***,** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

### Background

*Pro se* plaintiff Daniel A. Ward, an Ohio prisoner, has filed a civil rights complaint in this matter against the State of Ohio and Cuyahoga County Court of Common Pleas Judge Kathleen Sutula. (Doc. No. 1.) His complaint pertains to a state criminal sentence imposed on him by Judge Sutula in *State of Ohio v. Ward*, CR-18-42886-A. He contends Judge Sutula exhibited "bias, prejudice, and discrimination" in sentencing him in the case. (*Id.* at 5.) In addition, he complains generally about the treatment he has received in the "justice system" from prosecutors and other judges and court-appointed attorneys. For relief, he asks the Court to "stop the illegal corruption in our justice system," to have his state criminal case dismissed for lack of evidence, and to get his tier level lowered to a tier I. (*Id*. at 6.)

### Standard of Review

*Pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.2011). However, "the lenient treatment generally accorded to *pro se* litigants has limits," and a *pro se* plaintiff is not automatically entitled to take every case to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th

Cir.1996). Federal district courts are expressly required under 28 U.S.C. § 1915A to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive a dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A).

**Discussion**

Upon review, the Court finds that the plaintiff's complaint must be dismissed. Even liberally construed, it fails to state a plausible civil rights claim.

First, the complaint challenges the propriety of a sentence imposed on him in a state criminal case. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that a civil rights action under 42 U.S.C. § 1983 is not an appropriate vehicle for a prisoner to challenge a state conviction or sentence. Rather, where, as here, a prisoner is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*," which requires as a precondition that the prisoner exhaust all of his available state-court remedies with respect to his claims. *Preiser*, 411 U.S. at 500. Accordingly, the plaintiff's complaint fails to state a plausible federal civil rights claim.

2

Second, even to the extent the plaintiff may be seeking relief against the defendants in connection with his state criminal conviction and sentence that is available under § 1983, his action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that in order "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff" must first demonstrate that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. at 486-87. The plaintiff has not alleged that his conviction or sentence has been invalidated or called into question in any of the ways articulated in *Heck*.

Finally, the State of Ohio is immune from suit in federal court under the Eleventh Amendment regardless of the nature of the relief sought. *Arbino v. Ohio*, No. 1:12 CV 0203, 2012 WL 1756856, at *2 (S.D. Ohio April 2, 2012). And the plaintiff's general allegations are insufficient to demonstrate any valid basis for granting injunctive relief against Judge Sutula, who is otherwise immune from suit for actions taken in her judicial capacity. *See Collins v. Deegan*, 49 F. App'x 571, 573, 2002 WL 31399692, at *2 (6th Cir. Oct. 23, 2002) (finding injunctive relief against a state court judge not warranted).

**Conclusion**

For all of the foregoing reasons, the plaintiff's complaint in this matter is dismissed pursuant to 28 U.S.C. § 1915A. In light of the § 1915A dismissal, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: September 11, 2020

*S/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE